JUDGMENT ENTRY.
These consolidated appeals are considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Pursuant to Crim.R. 12(K) and R.C. 2945.67, the state appeals from the trial court's order granting defendant-appellee Dan Fischer's motion to suppress evidence that he was driving under the influence of alcohol and driving with a suspended license. Responding to a radio broadcast of loud music near an apartment building, police officers approached Fischer as he was sitting in his truck. As the police-cruiser videotape revealed, the officers spoke with Fischer for a long period of time and then had him perform a heel-to-toe sobriety test. After hearing the police testimony, reviewing the videotape, and entertaining the arguments of counsel, the trial court found that the police lacked probable cause to arrest Fischer for driving under the influence and driving without a license, and it granted the motion to suppress.
The first step in the review of a ruling on a motion to suppress requires an appellate court to give deference to the trial court's findings of historical fact unless they are clearly erroneous. SeeOrnelas v. United States (1996), 517 U.S. 690, 699, 116 S.Ct. 1657. Then the court must independently determine, as a matter of law, whether the facts meet the appropriate legal standard. See id. at 696-699,116 S.Ct. 1657; see, also, State v. Deters (1998), 128 Ohio App.3d 329,334, 714 N.E.2d 972.
As the credibility of the witnesses is primarily for the trial court, sitting as the trier of fact, to determine, it was within the trial court's prerogative in this case to determine if inconsistencies in the officer's testimony and the videotape indicated a lack of probable cause to arrest Fischer for driving under he influence. See State v. Deters,128 Ohio App.3d at 334, 714 N.E.2d 972. As the audio portion of the videotape recording of the stop and the sobriety test was inaudible, we cannot say that the trial court's findings of historical fact were clearly erroneous. Moreover, the record does not affirmatively demonstrate that the police learned that Fischer's operator's license had been suspended before they made the illegal custodial arrest for driving under the influence.[1] The state's two interrelated assignments of error are overruled.
Therefore, the judgments of the trial court are affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.
[1] In its brief before this court, the state has neglected to mention the suspended-license charge in its statement of facts or to provide any argument relating to that charge. See App.R. 16(A)(6) and 16(A)(7); see, also, Siuda v. Howard, 1st Dist. Nos. C-000656 and C-000687, 2002-Ohio-2292, at ¶ 59.